**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



July 18, 2024

<u>**VIA CM/ECF**</u>

        Re:   *In re Port Neches Fuels, LLC*, No. 22-10500; *Gentle v. Direct Energy, LP*, Adv. Proc. No. 23-50614

Dear Counsel:

The debtor in this bankruptcy case was a producer and processor of petrochemical raw materials. It filed its chapter 11 petition on June 1, 2022. The complaint in this adversary proceeding alleges that, in the 90 days preceding its petition, the debtor made five payments to Direct Energy, totaling $2,094,748.01.[1]

The trustee of the post-confirmation trust now seeks to avoid and recover those transactions on as preferential transfers under 11 U.S.C. § 547.[2] Direct Energy has moved to dismiss. Direct Energy argues that the transfers are not avoidable under

---

[1] D.I. 1 ¶ 24.

[2] The complaint also seeks to avoid the transactions as fraudulent conveyances under 11 U.S.C. § 548. Plaintiff moved to dismiss that count and plaintiff does not contest the dismissal. D.I. 14 at 1 n.2. Plaintiff asks only that the dismissal be "without prejudice" to its right to amend under Rule 15. *Id.* Consistent with Third Circuit precedent, this Court will not address the question whether the dismissal is with or without "prejudice" at this stage. Rather, the Court would consider the question of leave to amend if and when a motion seeking such leave is before the Court. *See United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013).

*In re Port Neches Fuels, LLC*, No. 22-10500; *Gentle v. Direct Energy*,
Adv. Proc. No. 23-50614
July 18, 2024
Page 2 of 4

§ 547 because the transfers at issue are protected by the safe harbor set forth in § 546(e) for forward contracts. Direct Energy further argues that certain of the transfers are subject to the defense that was previously set forth in § 547(j) and protected payments on supplier arrearages following the COVID-19 pandemic. Because, however, demonstrating the availability of these defenses requires the consideration of material outside of the complaint, the motion to dismiss on these bases will be denied.

On a motion to dismiss, the Court must determine whether the complaint's factual allegations, along with any attached exhibits, are sufficient to state a claim for which relief may be granted. The Third Circuit set forth a two-step analysis in considering a motion to dismiss: *first*, the Court separates the factual and legal elements of a claim, accepting only the well-pled facts as true; then *second,* the Court determines whether those facts are sufficient to show the plaintiff has a plausible claim for relief.[3]

Here, it is significant that the motion to dismiss is based on the alleged availability of affirmative defenses. The availability of an affirmative defense is typically not a basis on which to dismiss a complaint.[4] But there is an exception to that principle for those unusual cases in which the availability of the affirmative

---

[3] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (giving effect to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[4] *In re Reading Broad., Inc.*, 390 B.R. 532, 551 (Bankr. E.D. Pa. 2008) (citing *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1095 (3d Cir. 1975)).

*In re Port Neches Fuels, LLC*, No. 22-10500; *Gentle v. Direct Energy*,
Adv. Proc. No. 23-50614
July 18, 2024
Page 3 of 4

defense is apparent based on the plaintiff's own factual allegations – those cases in which the plaintiff essentially pleads itself out of court.[5]

The availability of the defenses at issue here, however, is not resolvable based on the allegations in the complaint. Section 546(e) protects against avoidance, except in the case of actual intent to hinder, delay or defraud creditors, "a transfer made by or to (or for the benefit of) a … forward contract merchant … in connection with a … forward contract."[6] It may well be possible for the Court to determine whether the contract is a forward contract based on its review of the contract itself.[7] But even assuming the payments at issue were made in connection with a forward contract, the safe harbor is only available if payments at issue were made to or for the benefit of a foreign contract merchant. There are differing views in the caselaw of who would count as a foreign contract merchant.[8] But regardless of which definition is

---

[5] *Id.* (citing *In re Coastal Group, Inc.*, 13 F.3d 81, 83 (3d Cir. 1994)). *See also Wright & Miller*, *Federal Practice and Procedure* § 1357 (noting that a complaint may be dismissed based on a statute of limitations defense if the relevant dates are set forth in the complaint).

[6] 11 U.S.C. § 546(e).

[7] The defendant attached to its motion to dismiss a contract and certain invoices, referred to in the complaint. There is an exception to the usual rule, under which a motion to dismiss is determined based only on the allegations within the four corners of the complaint and materials attached thereto. Under that exception, a court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *See e.g., Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). While the contract and invoices attached to the motion appear to fall within this exception, the Court's analysis and conclusion do not turn on these additional documents.

[8] *Compare In re Magnesium Corp. of Am.*, 460 B.R. 360, 375 (Bankr. S.D.N.Y. 2011), *with In re Borden Chems. & Plastics Op. Ltd. P'ship*, 336 B.R. 214 (Bankr. D. Del. 2006).

*In re Port Neches Fuels, LLC*, No. 22-10500; *Gentle v. Direct Energy*,
Adv. Proc. No. 23-50614
July 18, 2024
Page 4 of 4

applicable, nothing in the trustee's complaint or other materials properly cognizable on a motion to dismiss contains an allegation that Direct Energy is a forward merchant. For that reason, this is not one of the unusual cases in which the availability of an affirmative defense can be decided on a motion to dismiss. Rather, it is a typical case in which resolving that question requires a factual record.

The same is true of the defense provided under § 547(j) for payments made under agreements to pay supplier arrearages. One of the requirements of that defense is that the amount due under the agreement cannot exceed the amount due under the original agreement. Here, too, the complaint does not allege that the amounts due under the agreement did not exceed what was originally due. Accordingly, this defense cannot be decided based on the complaint's allegations alone.[9]

The motion to dismiss is accordingly denied. The Court will issue a separate order so providing.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[9] Because the claim to avoid the transfers under § 547 survive the motion to dismiss, so too does the claim to recover any avoided transfer under § 550 and the claim, under § 502(d), to disallow any claim held by the creditor until the avoided transfer is repaid.